UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DUOL J.,

    Petitioner,

v.

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,

    Respondent.

Case No. 18-CV-3266 (PJS/LIB)

ORDER

Duol J., pro se.

Adam J. Hoskins, Ana H. Voss, Ann M. Bildsten, and David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for respondent.

On November 27, 2018, petitioner Duol J. brought a habeas action under 28 U.S.C. § 2241 challenging the length of his detention during his pending removal proceedings. *See* ECF No. 1.[1] On June 17, 2019, Magistrate Judge Leo I. Brisbois issued

---

[1] In his petition, Duol states that he is challenging his prolonged detention, *see* ECF No. 1 at 2, ¶ 6(c), and he identifies the relief that he seeks as a judicial examination of the length of his detention, *see id.* at 8, ¶ 15. But Duol also includes various complaints about the *conditions* of his confinement at various other jails in which he has been held. *See id.* at 7-8. Duol does not appear to be bringing a legal challenge to the conditions of his confinement, but, if he wants to bring such a claim, he must bring the claim as a civil-rights action under 42 U.S.C. § 1983, not as a habeas petition under 28 U.S.C. § 2241. *See, e.g., Davis v. Fisher*, No. 13-CV-1024 (PJS/SER), 2013 WL 3974520, at *1 (D. Minn. Aug. 1, 2013) (explaining that a challenge to the conditions of one's confinement—as opposed to the fact or duration of the confinement—must be brought as a civil-rights action, not as a habeas petition (citing *Taylor v. Roal*, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *5 (D. Minn. Nov. 5, 2010)).

a Report and Recommendation ("R&R") recommending that the Court grant Duol's petition. *See* ECF No. 16. This matter is before the Court on the government's objections to Judge Brisbois's R&R. *See* ECF No. 17. Because of recent developments in the case, the Court does not need to address the government's objections. Instead, the Court will vacate the R&R and dismiss Duol's habeas petition.

At the time that Judge Brisbois issued his R&R, Duol's removal order had not yet become final, and thus Duol's detention was governed by 8 U.S.C. § 1226(c)—the provision that controls *pre*-final-removal-order detentions for certain criminal aliens. Since then, however, Duol's removal order has become final. *See* ECF No. 22-1; 8 C.F.R. § 1241.1(a). As a result, Duol's detention is now governed by 8 U.S.C. § 1231—the provision that controls *post*-final-removal-order detentions. Because the R&R analyzed the legality of Duol's detention under § 1226(c), and because § 1226(c) no longer controls, the Court will vacate the R&R and dismiss Duol's challenge to his *pre*-final-removal-order detention as moot.

Any challenge that Duol might make to his *post*-final-removal order detention would be not be ripe. After entry of a final order of removal, detention is mandatory for the subsequent 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A), (a)(2). After those 90 days, the government may continue to detain the alien, 8 U.S.C. § 1231(a)(6),

and the Supreme Court has held that detention for six months under § 1231 is presumptively reasonable. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Duol's final-removal order was entered on July 25, 2019. *See* ECF No. 22-1. Obviously, Duol is well within the 90-day mandatory-detention period, and he is nowhere near the end of the six-month *Zadvydas* period. Thus, to the extent that Duol is challenging the length of his *post*-final-removal-order detention, his challenge is dismissed without prejudice because it is not ripe.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The R&R [ECF No. 16] is VACATED.

2. Petitioner Duol J.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 9, 2019           s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge